UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
KANCHAN CHANDRA,

                               Plaintiff,

    - against -

NEW YORK UNIVERSITY AND NEW YORK
UNIVERSITY IN ABU DHABI CORPORATION,
PAULA ENGLAND, in her individual capacity,
HERVE CRÈS, in his individual capacity, and
JEFFREY TIMMONS, in his individual capacity,

                               Defendants.
-----------------------------------------------------------------------X

Case No.:
1:24-cv-03105-VEC

**ANSWER**

Defendant New York University ("NYU-NY"), New York University in Abu Dhabi ("NYUAD") Corporation (collectively "NYU Defendants"), Paula England, Herve Crès and Jeffrey Timmons, by their attorneys, Cullen and Dykman LLP, for their answer and affirmative defenses (the "Answer") to the Complaint, dated April 22, 2024 of plaintiff Kanchan Chandra, ("Chandra" or "Plaintiff") responds as follows:

<u>ANSWERING "PRELIMINARY STATEMENT"</u>

1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "1" of the Complaint.

2.     Deny the allegations contained in Paragraph "2" of the Complaint, except admit that Plaintiff enjoyed a full-time temporary assignment at NYUAD for the period of September 1, 2018 through December 31, 2021 as memorized in an appointment letter dated August 14, 2018 and accepted by Plaintiff on August 31, 2018 ("2018 Appointment Letter") and refer the Court to the Appointment Letter for its meaning and content.

3.      Deny the allegations contained in Paragraph "3" of the Complaint.

4.      Deny the allegations contained in Paragraph "4" of the Complaint.

5.      Deny the allegations contained in Paragraph "5" of the Complaint.

6.      Deny the allegations contained in Paragraph "6" of the Complaint.

7.      Deny the allegations contained in Paragraph "7" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety, and refer the court to the writing for its meaning and content, and otherwise deny the remaining allegations contained in Paragraph "7" of the Complaint.

8.      Deny the allegations contained in Paragraph "8" of the Complaint.

9.      Deny the allegations contained in Paragraph "9" of the Complaint.

<u>ANSWERING "JURISDICTION, VENUE, AND PROCEDURAL REQUIREMENTS"</u>

10.     To the extent the allegations contained in Paragraph "10" of the Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph "10" of the Complaint.

11.     To the extent the allegations contained in Paragraph "11" of the Complaint call for a legal conclusion, no response is necessary and Defendants respectfully refer all questions and/or conclusions of law to the Court. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph "11" of the Complaint.

12.     To the extent the allegations contained in Paragraph "12" of the Complaint call for a legal conclusion, no response is necessary and Defendants respectfully refer all questions and/or conclusions of law to the Court. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph "12" of the Complaint.

13.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "13" of the Complaint, except admit that NYU Received a notice of charge of employment discrimination dated March 8, 2022 ("Charge") from the Equal Employment Opportunity Commission ("EEOC") bearing Charge No. 520-2022-04350 and refer the Court to the Charge for its meaning and content.

<u>ANSWERING "PARTIES"</u>

14.     Deny the allegations contained in Paragraph "14" of the Complaint, except admit that Plaintiff is a tenured Associate Professor in the Department of Politics at NYU-NY and that Plaintiff enjoyed a full-time temporary assignment at NYUAD for the period of September 1, 2018 through December 31, 2021 as memorized in the 2018 Appointment Letter and refer the Court to the Appointment Letter for its meaning and content.

15.     Deny the allegations contained in Paragraph "15" of the Complaint, except admit that NYU-NY is a private research university with a presence in Manhattan and Brooklyn, and that NYU-NY has a global network comprising more than thirteen Global Academic Centers which includes separate undergraduate degree granting campuses in Abu Dhabi and Shanghai, as well as study away sites at 14 locations around the world.

16.     Admit the allegations contained in Paragraph "16" of the Complaint.

17.     Admit the allegations contained in Paragraph "17" of the Complaint.

18.     Admit the allegations contained in Paragraph "18" of the Complaint.

19.     Deny the allegations contained in Paragraph "19" of the Complaint, except admit that NYUAD is a New York not-for-profit corporation and that the contents of the New York State Division of Corporations' website speaks for itself.

20.     For the purpose of definitional reference in the Complaint, Defendants admit that

NYUAD refers to NYU's Abu Dhabi campus.

21.    To the extent the allegations in Paragraph "21" of the Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph "21" of the Complaint, except admit that NYUAD employs more than 15 people.

22.    Deny the allegations contained in Paragraph "22" of the Complaint.

23.    Deny the allegations contained in Paragraph "23" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety, and refer the court to the writing for its meaning and content, and otherwise deny the remaining allegations contained in Paragraph "23" of the Complaint.

24.    Deny the allegations contained in Paragraph "24" of the Complaint.

25.    To the extent the allegations contained in Paragraph "25" of the Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph "25" of the Complaint.

26.    To the extent the allegations contained in Paragraph "26" of the Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph "26" of the Complaint.

27.    To the extent the allegations contained in Paragraph "27" of the Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph "27" of the Complaint.

28.    Admit the allegations contained in Paragraph "28" of the Complaint.

29.    Deny the allegations contained in Paragraph "29" of the Complaint.

22061.2011 21116716v1

30.     Admit the allegations contained in Paragraph "30" of the Complaint.

31.     Deny the allegations contained in Paragraph "31" of the Complaint.

32.     Admit the allegations contained in Paragraph "32" of the Complaint.

33.     Deny the allegations contained in Paragraph "33" of the Complaint.

ANSWERING "FACTS"

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "34" of the Complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "35" of the Complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "36" of the Complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "37" of the Complaint.

38.     Deny the allegations contained in Paragraph "38" of the Complaint, except admit that Plaintiff was appointed as a tenured Associate Professor in the department of Politics at NYU-NY effective July 1, 2005 and refer to Plaintiff's 2005 Appointment Letter for its meaning and content.

39.     Deny the allegations contained in Paragraph "39" of the Complaint, except admit that Plaintiff was promoted from Associate Professor to Professor effective September 1, 2011.

40.     Deny the allegations contained in Paragraph "40" of the Complaint, except admit that Plaintiff is a tenured Professor in the Department of Politics at NYU-NY and that Plaintiff enjoyed a full-time temporary assignment at NYUAD for the period of September 1, 2018 through December 31, 2021 as memorized in the 2018 Appointment Letter and refer the Court to the

5

Appointment Letter for its meaning and content.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "41" of the Complaint insofar as the term "close connections" is not defined.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "42" of the Complaint insofar as a time period is not defined.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "43" of the Complaint.

44.     Deny the allegations contained in Paragraph "44" of the Complaint.

45.     Admit the allegations contained in Paragraph "45" of the Complaint.

46.     Admit the allegations contained in Paragraph "46" of the Complaint.

47.     Admit the allegations contained in Paragraph "47" of the Complaint.

48.     Admit the allegations contained in Paragraph "48" of the Complaint.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "49" of the Complaint insofar as a time period is not defined.

50.     Admit the allegations contained in Paragraph "50" of the Complaint.

51.     Admit that Plaintiff enjoyed a visiting faculty appointment at NYUAD in academic year 2012-2013 and except as so admitted, deny knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph "51" of the Complaint.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "52" of the Complaint.

53.     Admit the allegations contained in Paragraph "53" of the Complaint.

54.     Admit the allegations contained in Paragraph "54" of the Complaint.

55.    Admit the allegations contained in Paragraph "55" of the Complaint.

56.    Admit that Plaintiff enjoyed a visiting faculty appointment at NYUAD from September 1, 2017 through May 31, 2018 and except as so admitted, deny knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph "56" of the Complaint.

57.    Admit that Defendant Crès and Plaintiff discussed a full-time temporary assignment at NYUAD after her assignment as Affiliate Faculty concluded and otherwise deny knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph "57" of the Complaint.

58.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "58" of the Complaint.

59.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "59" of the Complaint.

60.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "60" of the Complaint.

61.    Admit that Defendant Crès and Plaintiff discussed a full-time temporary assignment at NYUAD after her assignment as Affiliate Faculty concluded and otherwise deny knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph "61" of the Complaint.

62.    Admit that Plaintiff enjoyed a full-time temporary assignment at NYUAD for the period of September 1, 2018 through December 31, 2021 as memorized in the 2018 Appointment Letter and refer the Court to the Appointment Letter for its meaning and content, admit that the Faculty Handbook "Handbook," among other things, governs faculty matters and refer the Court

7

to the Handbook for its meaning and content, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "62" of the Complaint.

63.     Admit that in or around October 15, 2017, Defendant Crès invited Plaintiff to participate in a review of candidates in a faculty search and otherwise deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph "63" of the Complaint.

64.     Deny the allegations contained in Paragraph "64" of the Complaint.

65.     Admit the allegations contained in Paragraph "65" of the Complaint.

66.     Deny the allegations contained in Paragraph "66" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety, and refer the court to the writing for its meaning and content, and except as so denied, admit that Plaintiff was invited by Crès to begin attending senior faculty meetings as alleged in Paragraph "66" of the Complaint.

67.     Admit the allegations contained in Paragraph "67" of the Complaint.

68.     Admit the allegations contained in Paragraph "68" of the Complaint.

69.     Deny the allegations contained in Paragraph "69" of the Complaint, except admit that in or around December 2017 there were discussions concerning Plaintiff's full-time temporary assignment at NYUAD.

70.     Admit the allegations contained in Paragraph "70" of the Complaint.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "71" of the Complaint.

8

72.    Deny the allegations contained in Paragraph "72" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety, and except as do denied, admit that Plaintiff sent an email to Crès dated December 14, 2017 and Crès responded on December 17, 2017 and refer the Court to the aforementioned emails for their meaning and content.

73.    Admit that in or around December 2017 and for several months thereafter there were discussions concerning Plaintiff's full-time temporary assignment at NYUAD and except as so admitted, deny the remaining allegations contained in Paragraph "73" of the Complaint.

74.    Deny the allegations contained in Paragraph "74" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety, refer the Court to the May 4, 2018 NYUAD Letter of Intent referred to for its meaning and content, and otherwise deny the remaining allegations contained in Paragraph "74" of the Complaint.

75.    Deny the allegations contained in Paragraph "75" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer the Court to the Appointment Letter for its meaning and content including whether Plaintiff was eligible to participate in faculty governance as alleged otherwise deny the remaining allegations contained in Paragraph "75" of the Complaint.

76.    Deny the allegations contained in Paragraph "76" of the Complaint.

77.    Deny the allegations contained in Paragraph "77" of the Complaint.

9

78.     Deny the allegations contained in Paragraph "78" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer the Court to the Appointment Letter for its meaning and content including whether Plaintiff was eligible to participate in faculty governance as alleged, the amount of her compensation stated therein, and deny knowledge or information sufficient form a belief as to her perception of opportunities and leadership roles as a result of the assignment as alleged in Paragraph "78" of the Complaint.

79.     Deny the allegations contained in Paragraph "79" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer the Court to the writing(s) for their meaning and content as contained in Paragraph "79" of the Complaint.

80.     Admit that Plaintiff worked on developing a research center proposal and interdisciplinary lunch series with a focus on identity and genetics and otherwise deny knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph "80" of the Complaint.

81.     Admit the allegations contained in Paragraph "81" of the Complaint.

82.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "82" of the Complaint.

83.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "83" of the Complaint.

84.     Admit the allegations contained in Paragraph "84" of the Complaint.

22061.2011 21116716v1

85.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "85" of the Complaint.

86.     Admit the allegations contained in Paragraph "86" of the Complaint.

87.     Deny the allegations contained in Paragraph "87" of the Complaint.

88.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "88" of the Complaint.

89.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "89" of the Complaint.

90.     Defendants cannot admit or deny the allegations contained in this Paragraph because the term "formal power of appointment" is not defined.  To the extent a response is required, Defendants deny the allegation in Paragraph "90" of the Complaint.

91.      Deny the allegations in Paragraph "91" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer the Court to the  May 30, 2018 email for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "91" of the Complaint.

92.     Deny the allegations in Paragraph "92" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer the Court to the  May 30, 2018 email for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "92" of the Complaint.

93.     Deny the allegations contained in Paragraph "93" of the Complaint.

94.     Deny the allegations contained in Paragraph "94" of the Complaint.

11

95.     Deny the allegations contained in Paragraph "95" of the Complaint.

96.     Deny the allegations contained in Paragraph "96" of the Complaint.

97.     Deny the allegations contained in Paragraph "97" of the Complaint.

98.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "98" of the Complaint.

99.     Deny the allegations contained in Paragraph "99" of the Complaint.

100.    Admit the allegations contained in Paragraph "100" of the Complaint.

101.    Admit that Plaintiff enjoyed a full-time temporary assignment at NYUAD for the period of September 1, 2018 through December 31, 2021 as memorized in the 2018 Appointment Letter, refer the Court to the Appointment Letter for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "101" of the Complaint.

102.    Deny the allegations contained in Paragraph "102" of the Complaint.

103.    Deny the allegations contained in Paragraph "103" of the Complaint.

104.    Deny the allegations contained in Paragraph "104" of the Complaint.

105.    Admit that Crès received a memo titled "To the Social Science Senior Faculty" from faculty member Hannah Brueckner on or about December 1, 2017, refer the Court to the memo for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "105" of the Complaint.

106.    Admit that Crès received a memo titled "To the Social Science Senior Faculty" from faculty member Hannah Brueckner on or about December 1, 2017, refer the Court to the memo for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "106" of the Complaint.

107.    Admit that Crès received a memo titled "To the Social Science Senior Faculty"

from faculty member Hannah Brueckner on or about December 1, 2017, refer the Court to the memo for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "107" of the Complaint.

108.    Deny the allegations contained in Paragraph "108" of the Complaint.

109.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "109" of the Complaint.

110.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "110" of the Complaint.

111.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "111" of the Complaint.

112.    Deny the allegations contained in Paragraph "112" of the Complaint.

113.    Deny the allegations contained in Paragraph "113" of the Complaint.

114.    Deny the allegations contained in Paragraph "114" of the Complaint.

115.    Deny the allegations contained in Paragraph "115" of the Complaint.

116.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "116" of the Complaint.

117.    Deny the allegations contained in Paragraph "117" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer to the November 4, 2018 email for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "117" of the Complaint.

118.    Admit that Crès had a discussion concerning who could act in the Program Head position if Mr. Timmons could no longer serve and except as so admitted, deny the remaining

allegations contained in Paragraph "118" of the Complaint.

119.    Deny the allegations contained in Paragraph "119" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer to the mid-November email for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "119" of the Complaint.

120.    Deny the allegations contained in Paragraph "120" of the Complaint.

121.    Deny the allegations contained in Paragraph "121" of the Complaint.

122.    Deny the allegations contained in Paragraph "122" of the Complaint.

123.    Deny the allegations contained in Paragraph "123" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer to the writing for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "123" of the Complaint.

124.    Deny the allegations contained in Paragraph "124" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer to the writing for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "124" of the Complaint.

125.    Deny the allegations in Paragraph "125" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer the Court to the undated email for its meaning and content and otherwise deny the remaining

14

allegations contained in Paragraph "125" of the Complaint.

126.    Deny the allegations contained in Paragraph "126" of the Complaint.

127.    Deny the allegations contained in Paragraph "127" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer to the December 3, 2018 memo for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "127" of the Complaint.

128.    Deny the allegations contained in Paragraph "128" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer to the December 3, 2018 memo referred to therein  for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "128" of the Complaint.

129.    Deny the allegations in Paragraph "129" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer the Court to the December 3, 2018 memo for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "129" of the Complaint.

130.    Deny the allegations contained in Paragraph "130" of the Complaint.

131.    Admit that Plaintiff reported a complaint regarding gender discrimination and a hostile work environment on the basis of gender, that NYU-NY investigated the complaint and issued a report finding no violation of the University's Non-Discrimination and Anti-Harassment Policy, and otherwise deny the remaining allegations contained in Paragraph "131" of the Complaint.

22061.2011 21116716v1

132.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "132" of the Complaint.

133.     Deny the allegations contained in Paragraph "133" of the Complaint.

134.     Deny the allegations contained in Paragraph "134" of the Complaint.

135.     Deny the allegations contained in Paragraph "135" of the Complaint.

136.     Admit that Plaintiff reported a complaint regarding gender discrimination and a hostile work environment on the basis of gender, that NYU-NY investigated the complaint and issued a report finding no violation of the University's Non-Discrimination and Anti-Harassment Policy, and otherwise deny the remaining allegations contained in Paragraph "136" of the Complaint.

137.     Admit that Linda Mills was previously NYU's Vice Chancellor and Senior Vice Provost for Global Programs and University Life and is currently President of NYU.  Except as so admitted, deny the remaining allegations contained in Paragraph "137" of the Complaint.

138.     Deny the allegations contained in Paragraph "138" of the Complaint.

139.     Deny the allegations contained in Paragraph "139" of the Complaint.

140.     Deny the allegations contained in Paragraph "140" of the Complaint.

141.     Deny the allegations contained in Paragraph "141" of the Complaint.

142.     Deny the allegations contained in Paragraph "142" of the Complaint.

143.     Deny the allegations contained in Paragraph "143" of the Complaint.

144.     Deny the allegations contained in Paragraph "144" of the Complaint.

145.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "145" of the Complaint.

146.     Deny knowledge or information sufficient to form a belief as to the truth of the

22061.2011 21116716v1

allegations contained in Paragraph "146" of the Complaint.

147.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "147" of the Complaint.

148.    Admit that Plaintiff reported a complaint regarding gender discrimination and a hostile work environment on the basis of gender, that NYU-NY investigated the complaint and issued a report finding no violation of the University's Non-Discrimination and Anti-Harassment Policy and except as so admitted, deny the remaining allegations contained in Paragraph "148" of the Complaint.

149.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "149" of the Complaint.

150.    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "150" of the Complaint.

151.    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "151" of the Complaint.

152.    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "152" of the Complaint.

153.    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "153" of the Complaint.

154.    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "154" of the Complaint and otherwise refer to the August 27, 2019 memo to which the for its meaning and content.

155.    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "155" of the Complaint.

156.    Deny the allegations contained in paragraph "156" of the Complaint.

157.    Deny the allegations contained in Paragraph "157" of the Complaint.

158.    Deny the allegations contained in Paragraph "158" of the Complaint.

159.    Admit that Plaintiff reported a complaint regarding gender discrimination and a hostile work environment on the basis of gender, that NYU-NY investigated the complaint and issued a report finding no violation of the University's Non-Discrimination and Anti-Harassment Policy and except as so admitted, deny the remaining allegations contained in Paragraph "159" of the Complaint.

160.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "160" of the Complaint.

161.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "161" of the Complaint.

162.    Deny the allegations in Paragraph "162" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer the Court to the April 2021 email to an unnamed Interim Dean and faculty for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "162" of the Complaint.

163.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "163" of the Complaint.

164.    Deny the allegations in Paragraph "164" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer

the Court to the undated "climate survey" for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "164" of the Complaint.

165.    Deny the allegations in Paragraph "165" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer the Court to the undated "climate survey" for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "165" of the Complaint.

166.    Admit the allegations contained in Paragraph "166" of the Complaint.

167.    Admit that England had discussions with Plaintiff concerning an extension of the 2018 Appointment Letter and except as so admitted, deny the characterization of those conversations and the remaining allegations contained in Paragraph "167" of the Complaint.

168.    Admit that England had discussions with Plaintiff concerning an extension of the 2018 Appointment Letter and except as so admitted, deny the characterization of those conversations and the remaining allegations contained in Paragraph "168" of the Complaint.

169.    Admit that England had discussions with Plaintiff concerning an extension of the 2018 Appointment Letter and except as so admitted, deny the characterization of those conversations and the remaining allegations contained in Paragraph "169" of the Complaint.

170.    Admit that England had discussions with Plaintiff concerning an extension of the 2018 Appointment Letter and except as so admitted, deny the characterization of those conversations and the remaining allegations contained in Paragraph "170" of the Complaint.

171.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "171" of the Complaint.

172.    Deny knowledge or information sufficient to form a belief as to the truth of the

19

allegations contained in Paragraph "172" of the Complaint.

173.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "173" of the Complaint.

174.    Admit that in an email dated September 9, 2021 England advised Plaintiff that her NYUAD appointment would not be renewed and refer the Court to the email for its meaning and content.   Except as so admitted, deny the allegations contained in Paragraph "174" of the Complaint.

175.    Admit that in an email dated September 9, 2021 England advised Plaintiff that her NYUAD appointment would not be renewed and refer the Court to the email for its meaning and content.   Except as so admitted, deny the allegations contained in Paragraph "175" of the Complaint.

176.    Admit that in an email dated September 9, 2021 England advised Plaintiff that her NYUAD appointment would not be renewed and refer the Court to the email for its meaning and content.   Except as so admitted, deny the allegations contained in Paragraph "176" of the Complaint.

177.    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "177" of the Complaint.

178.    Admit that in an email dated September 9, 2021 England advised Plaintiff that her NYUAD appointment would not be renewed and refer the Court to the email for its meaning and content.   Except as so admitted, deny the allegations contained in Paragraph "178" of the Complaint.

179.    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "179" of the Complaint.

180.    Deny the allegations in Paragraph "180" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer the Court to the September 12, 2021 email from Plaintiff to England for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "180" of the Complaint.

181.    Deny knowledge or information sufficient to form a belief as to the allegations in Paragraph "181" of the Complaint.

182.    Deny knowledge or information sufficient to form a belief as to the allegations in Paragraph "182" of the Complaint.

183.    Deny knowledge or information sufficient to form a belief as to the allegations in Paragraph "183" of the Complaint.

184.    Deny the allegations in Paragraph "184" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer the Court to the email from England to Plaintiff for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "184" of the Complaint.

185.    Deny the allegations in Paragraph "185" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer the Court to the email from England to Plaintiff for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "185" of the Complaint.

186.    Deny the allegations in Paragraph "186" of the Complaint.

187.    Deny the allegations in Paragraph "187" of the Complaint to the extent they do not

accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer the Court to the email from Plaintiff to England for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "187" of the Complaint.

188.    Deny the allegations in Paragraph "188" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer the Court to the email from Leigh Watts to Plaintiff for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "188" of the Complaint.

189.    Deny the allegations in Paragraph "189" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer the Court to the England's announcement that Timmons was promoted to Associate Dean for Faculty Affairs for its meaning and content.

190.    Deny the allegations contained in Paragraph "190" of the Complaint.

191.    Deny the allegations contained in Paragraph "191" of the Complaint.

192.    Deny the allegations contained in Paragraph "192" of the Complaint.

193.    Deny the allegations contained in Paragraph "193" of the Complaint.

194.    Deny the allegations contained in Paragraph "194" of the Complaint and refer the Court to an email from England to Plaintiff for its meaning and content.

195.    Defendants cannot admit or deny the allegations contained in this Paragraph because the term "power of appointment" is not defined.  To the extent a response is required, Defendants deny the allegation in Paragraph "195" of the Complaint.

22

196.    Deny the allegations contained in Paragraph "196" of the Complaint.

197.    Deny the allegations contained in Paragraph "197" of the Complaint.

198.    Deny the allegations contained in Paragraph "198" of the Complaint.

199.    Deny knowledge or information sufficient to form a belief as to the allegations in Paragraph "199" of the Complaint.

200.    Deny the allegations contained in Paragraph "200" of the Complaint.

201.    Admit that Plaintiff had been invited to serve on the Defendant NYUAD's Women's Leadership Initiative and otherwise deny the remaining allegations in Paragraph "201" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context.

202.    Deny the allegations contained in Paragraph "202" of the Complaint.

203.    Admit that Timmons was promoted and except as so admitted, deny the remaining allegations contained in Paragraph "203" of the Complaint.

204.    Admit that Plaintiff's appointment as set forth in the 2018 Appointment Letter was not extended and except as so admitted, deny the remaining allegations contained in Paragraph "204" of the Complaint.

205.    Admit that Plaintiff enjoyed a paid sabbatical hosted by NYUAD in Abu Dhabi during the Spring 2022 semester and except as so admitted, deny the remaining allegations contained in Paragraph "205" of the Complaint.

206.    Deny the allegations contained in Paragraph "206" of the Complaint, except admit that Plaintiff enjoyed a full-time temporary assignment at NYUAD for the period of September 1, 2018 through December 31, 2021 as memorized in the 2018 Appointment Letter and refer the

23

Court to the Appointment Letter for its meaning and content including any terms governing sabbatical leaves.

207.    Deny the allegations contained in Paragraph "207" of the Complaint, except admit that Plaintiff enjoyed a full-time temporary assignment at NYUAD for the period of September 1, 2018 through December 31, 2021 as memorized in the 2018 Appointment Letter and refer the Court to the Appointment Letter for its meaning and content including any terms governing sabbatical leaves.

208.    Admit that Plaintiff's full-time temporary assignment at NYUAD ended on December 31, 2021 and that thereafter she enjoyed a sabbatical hosted by NYUAD in Abu Dhabi during the Spring 2022 semester, refer the court to the documents related to the funding of that sabbatical, and except as so admitted deny the remaining allegations contained in Paragraph "208" of the Complaint.

209.    Admit that Plaintiff's full-time temporary assignment at NYUAD ended on December 31, 2021 and that thereafter she enjoyed a sabbatical hosted by NYUAD in Abu Dhabi during the Spring 2022 semester and except as so admitted deny the remaining allegations contained in Paragraph "209" of the Complaint.

210.    Deny the allegations contained in Paragraph "210" of the Complaint, except admit that Plaintiff's full-time temporary assignment at NYUAD ended on December 31, 2021.

211.    Deny the allegations contained in Paragraph "211" of the Complaint, except admit that Plaintiff's full-time temporary assignment at NYUAD ended on December 31, 2021.

212.    Deny the allegations contained in Paragraph "212" of the Complaint.

213.    Deny the allegations contained in Paragraph "213" of the Complaint.

214.    Deny the allegations in Paragraph "214" of the Complaint to the extent they do not

24

accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer the Court to the July 2021 email form Sanford Gordon to Plaintiff for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "214" of the Complaint.

215.    Deny the allegations contained in Paragraph "215" of the Complaint, except admit that Plaintiff was not included on any faculty recruitment or graduate training committee, or promotion and tenure committees for NYU-NY Politics Department faculty during this period, but note that graduate training committees are assembled by graduate students, not the Department.

216.    Deny the allegations contained in Paragraph "216" of the Complaint, except admit that at times Plaintiff has served on various committees within the NYU-NY Politics Department.

217.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "217" of the Complaint.

218.    Deny the allegations in Paragraph "218" of the Complaint.

219.    Deny knowledge or information sufficient to form a belief as to the allegations in Paragraph "219" of the Complaint.

220.    Admit the allegations contained in Paragraph "220" of the Complaint.

221.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "221" of the Complaint.

222.    Deny the allegations in Paragraph "222" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer the Court to the response to Plaintiff concerning her application for a teaching opportunity for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "222"

25

of the Complaint.

223.    Deny the allegations in Paragraph "223" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer the Court to the response to Plaintiff concerning her application for a teaching opportunity for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "223" of the Complaint.

224.    Deny the allegations in Paragraph "224" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer the Court to Plaintiff's September 6, 2022 "request" for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "224" of the Complaint.

225.    Deny the allegations contained in Paragraph "225" of the Complaint.

226.    Deny the allegations contained in Paragraph "226" of the Complaint.

227.    Deny the allegations contained in Paragraph "227" of the Complaint.

228.    Deny the allegations contained in Paragraph "228" of the Complaint.

229.    Deny the allegations contained in Paragraph "229" of the Complaint, except admit that on December 1, 2022, the faculty at Defendant NYU-NY's Department of Politics met to discuss the report of a Promotion and Tenure Committee for a certain NYU-NY based faculty member, and that the ad hoc committees concerning the promotion in question happened to be composed of three men.

230.    Deny the allegations contained in Paragraph "230" of the Complaint, except admit that on December 1, 2022, the faculty at Defendant NYU-NY's Department of Politics met to

discuss the report of a Promotion and Tenure Committee for a certain NYU-NY based faculty member, and that the ad hoc committees concerning the promotion in question happened to be composed of three men.

231.    Deny the allegations contained in Paragraph "231" of the Complaint, except admit that the Politics Chair holds certain powers of appointment with respect to certain committees within the NYU-NY Politics Department.

232.    Deny the allegations in Paragraph "232" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer the Court to Plaintiff's March 27, 2023 writing to Sanford Gordon for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "232" of the Complaint.

233.    Deny the allegations in Paragraph "233" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer the Court to Plaintiff's writing to Sanford Gordon for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "233" of the Complaint.

234.    Deny the allegations in Paragraph "234" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer the Court to Plaintiff's March 27, 2023 writing to Sanford Gordon for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "234" of the Complaint.

235.    Deny the allegations in Paragraph "235" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization

or interpretation inconsistent with the writing(s) when read in their context and entirety and refer the Court to Sanford Gordon's response to Plaintiff for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "235" of the Complaint.

236.    Deny the allegations in Paragraph "236" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer the Court to Sanford Gordon's July 2021 email to Plaintiff for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "236" of the Complaint.

237.    Deny the allegations contained in Paragraph "237" of the Complaint.

238.    Admit that in the academic year 2023-24, Plaintiff did not serve on a faculty Promotion and Tenure committee or recruitment committee for the NYU-NY Department or the graduate admissions committee and except as so admitted, deny the remaining allegations contained in Paragraph "238" of the Complaint.

239.    Deny the allegations contained in Paragraph "239" of the Complaint.

240.    Deny the allegations contained in Paragraph "240" of the Complaint.

241.    Deny the allegations contained in Paragraph "241" of the Complaint.

242.    Deny the allegations contained in Paragraph "242" of the Complaint.

243.    Deny the allegations contained in Paragraph "243" of the Complaint.

244.    Admit that people of all genders and races have been rotated out of the program after a certain period of time and except as so admitted, deny the remaining allegations contained in Paragraph "244" of the Complaint.

245.    Deny the allegations contained in Paragraph "245" of the Complaint.

246.    Deny the allegations in Paragraph "246" of the Complaint to the extent they do not

28

accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer the Court to Plaintiff's writing for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "246" of the Complaint.

247.    Deny the allegations in Paragraph "247" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer the Court to Plaintiff's December 2, 2023 email to Associate Vice Chancellor for Global Education at Defendant NYUAD for its meaning and content.

248.    Deny the allegations in Paragraph "248" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer the Court to Plaintiff's writing for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "248" of the Complaint.

249.    Deny the allegations contained in Paragraph "249" of the Complaint.

250.    Deny the allegations in Paragraph "250" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer the Court to Plaintiff's January 22, 2024 writing to Associate Vice Chancellor for Global Education at Defendant NYUAD and Defendant Dean England for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "250" of the Complaint.

251.    Deny the allegations in Paragraph "251" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization

or interpretation inconsistent with the writing(s) when read in their context and entirety and refer the Court to Plaintiff's January 22, 2024 writing to Associate Vice Chancellor for Global Education at Defendant NYUAD and Defendant Dean England for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "251" of the Complaint.

252.    Deny the allegations in Paragraph "252" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer the Court to Plaintiff's January 22, 2024 writing to Associate Vice Chancellor for Global Education at Defendant NYUAD and Defendant Dean England for its meaning and content and otherwise deny the remaining allegations contained in Paragraph "252" of the Complaint.

253.    Deny the allegations in Paragraph "253" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer the Court to Defendant England's January 23, 2024 response to Plaintiff its meaning and content and otherwise deny the remaining allegations contained in Paragraph "253" of the Complaint.

254.    Deny the allegations in Paragraph "254" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer the Court to Plaintiff's February 9, 2024 application and writing to England and otherwise deny the remaining allegations contained in Paragraph "254" of the Complaint.

255.    Deny the allegations contained in Paragraph "255" of the Complaint.

256.    Deny the allegations contained in Paragraph "256" of the Complaint.

257.    Deny the allegations contained in Paragraph "257" of the Complaint.

30

258.    Deny the allegations contained in Paragraph "258" of the Complaint.

259.    Deny knowledge or information sufficient to form a belief as to the allegations in Paragraph "259" of the Complaint.

260.    Deny the allegations contained in Paragraph "260" of the Complaint.

261.    Deny the allegations contained in Paragraph "261" of the Complaint.

262.    Deny the allegations contained in Paragraph "262" of the Complaint.

263.    Deny the allegations contained in Paragraph "263" of the Complaint.

264.    Deny the allegations contained in Paragraph "264" of the Complaint.

265.    Deny the allegations contained in Paragraph "265" of the Complaint.

266.    Deny the allegations contained in Paragraph "266" of the Complaint.

267.    Deny the allegations contained in Paragraph "267" of the Complaint.

268.    Deny knowledge or information sufficient to form a belief as to the allegations in Paragraph "268" of the Complaint.

269.    Deny the allegations contained in Paragraph "269" of the Complaint.

270.    Deny the allegations contained in Paragraph "270" of the Complaint.

271.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "271" of the Complaint insofar as the term "handful" is not defined.

272.    Deny the allegations contained in Paragraph "272" of the Complaint.

273.    Deny the allegations contained in Paragraph "273" of the Complaint.

274.    Deny the allegations in Paragraph "274" of the Complaint to the extent they do not accurately and completely describe the writing(s) referenced therein and deny any characterization or interpretation inconsistent with the writing(s) when read in their context and entirety and refer

the Court to the Chair's writing to Plaintiff and otherwise deny the remaining allegations contained in Paragraph "274" of the Complaint.

275.    Deny the allegations contained in Paragraph "275" of the Complaint.

276.    Deny the allegations contained in Paragraph "276" of the Complaint.

277.    Deny knowledge or information sufficient to form a belief as to the allegations in Paragraph "277" of the Complaint.

278.    Deny knowledge or information sufficient to form a belief as to the allegations in Paragraph "278" of the Complaint.

279.    Deny the allegations contained in Paragraph "279" of the Complaint.

280.    Deny the allegations contained in Paragraph "280" of the Complaint.

281.    Deny the allegations contained in Paragraph "281" of the Complaint.

282.    Admit that Timmons was promoted and except as so admitted, deny the remaining allegations contained in Paragraph "282" of the Complaint.

283.    Deny the allegations contained in Paragraph "283" of the Complaint.

<u>ANSWERING "JURY DEMAND"</u>

284.    To the extent the allegations in Paragraph "284" of the Complaint call for a legal conclusion, no response is necessary and Defendants respectfully refer all questions and/or conclusions of law to the Court. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph "284" of the Complaint.

<u>ANSWERING "AS AND FOR A FIRST CAUSE OF ACTION"</u>
Discrimination Under Title VII of the Civil Rights Act of 1964
(Against Defendants NYU and NYUAD)

285.    Defendants repeat and reallege their answers to Paragraphs "1" through "284" as if fully set forth herein.

22061.2011 21116716v1

286.    Deny the allegations contained in Paragraph "286" of the Complaint.

287.    Deny the allegations contained in Paragraph "287" of the Complaint.

ANSWERING "AS AND FOR A SECOND CAUSE OF ACTION"
Discrimination Under the New York State Executive Law
(Against All Defendants)

288.    Defendants repeat and reallege their answers to Paragraphs "1" through "287" as if fully set forth herein.

289.    Deny the allegations contained in Paragraph "289" of the Complaint.

290.    Deny the allegations contained in Paragraph "290" of the Complaint.

ANSWERING "AS AND FOR A THIRD CAUSE OF ACTION"
Discrimination Under the New York City Administrative Code
(Against All Defendants)

291.    Defendants repeat and reallege their answers to Paragraphs "1" through "290" as if fully set forth herein.

292.    Deny the allegations contained in Paragraph "292" of the Complaint.

293.    Deny the allegations contained in Paragraph "293" of the Complaint.

ANSWERING "AS AND FOR A FOURTH CAUSE OF ACTION"
Retaliation Under Title VII of the Civil Rights Act of 1964
(Against Defendants NYU and NYUAD)

294.    Defendants repeat and reallege their answers to Paragraphs "1" through "293" as if fully set forth herein.

295.    Deny the allegations contained in Paragraph "295" of the Complaint.

296.    Deny the allegations contained in Paragraph "296" of the Complaint.

ANSWERING "AS AND FOR A FIFTH CAUSE OF ACTION"
Retaliation Under the New York State Executive Law
(Against All Defendants)

297.    Defendants repeat and reallege their answers to Paragraphs "1" through "296" as if

22061.2011 21116716v1

fully set forth herein.

298.    Deny the allegations contained in Paragraph "298" of the Complaint.

299.    Deny the allegations contained in Paragraph "299" of the Complaint.

<u>ANSWERING "AS AND FOR A SIXTH CAUSE OF ACTION"</u>
Retaliation Under the New York City Administrative Code
(Against All Defendants)

300.    Defendants repeat and reallege their answers to Paragraphs "1" through "299" as if

fully set forth herein.

301.    Deny the allegations contained in Paragraph "301" of the Complaint.

302.    Deny the allegations contained in Paragraph "302" of the Complaint.

<u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE</u>

303.    The Complaint, in whole or in part, fails to state a claim upon which relief may be

granted.

<u>AS AND FOR A SECOND AFFIRMATIVE DEFENSE</u>

304.    Plaintiff's claims are barred by documentary evidence.

<u>AS AND FOR A THIRD AFFIRMATIVE DEFENSE</u>

305.    Plaintiff did not complain about discrimination and/or engage in any protected

activity that would support a claim for retaliation.

<u>AS AND FOR A FOURTH AFFIRMATIVE DEFENSE</u>

306.    Plaintiff's claims are barred because she cannot show that she was treated

differently than other similarly situated employees not in a protected class.

<u>AS AND FOR A FIFTH AFFIRMATIVE DEFENSE</u>

307.    Plaintiff's claims are barred because Defendants did not engage in any

discrimination or retaliation as alleged in the Complaint.

22061.2011 21116716v1

<u>AS AND FOR A SIXTH AFFIRMATIVE DEFENSE</u>

308.    The Complaint, and each of its causes of action, are barred because all of Defendants' actions with respect to Plaintiff were done in good faith and for legitimate and lawful business reasons.

<u>AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE</u>

309.    Damages alleged to have been sustained by Plaintiff were caused in whole or in part by Plaintiff's own culpable conduct.

<u>AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE</u>

310.    Plaintiff's claims are barred and/or her alleged damages may be limited by the doctrine of after-acquired evidence of misconduct.

<u>AS AND FOR A NINTH AFFIRMATIVE DEFENSE</u>

311.    The conduct alleged by Plaintiff, even if true, does not rise to the level necessary to state a claim of discrimination.

<u>AS AND FOR A TENTH AFFIRMATIVE DEFENSE</u>

312.    Plaintiff's claims are barred under the doctrines of laches, waiver, unclean hands, and estoppel.

<u>AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE</u>

313.    Plaintiff cannot establish that she engaged in protected activity, that Defendants knew of any protected activity and/or that a causal connection existed between any alleged protected activity and any alleged adverse employment action.

<u>AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE</u>

314.    Plaintiff's claims are barred by the applicable statutes of limitations.

22061.2011 21116716v1

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

315.    While denying all claims in the Complaint, any damages allegedly sustained by Plaintiff, to the extent Plaintiff may be able to prove any injuries and/or damages, were proximately caused by intervening and/or superseding acts and/or fault of the Plaintiff and/or third parties for whose actions the Defendants are not liable.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

316.    Plaintiff's claims are barred because Defendants exercised reasonable care to prevent and to promptly correct any discriminatory or retaliatory behavior by having anti-discrimination and anti-retaliation policies with a well-publicized complaint procedure.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

317.    Without admitting liability for any acts alleged by Plaintiff in the Complaint, Defendants affirmatively engaged in good faith efforts to comply with all applicable laws.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

318.    The Court does not have personal jurisdiction over Defendants.

## AS AND FOR AN SEVENTEENTH AFFIRMATIVE DEFENSE

319.    Defendants would have made the same employment decisions with respect to Plaintiff regardless of any alleged discriminatory motive.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

320.    Plaintiff is not entitled to recovery and such recovery from Defendants would result in Plaintiff's unjust enrichment.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

36

321.    Without admitting liability for any acts alleged by Plaintiff, Defendants have not engaged in intentional acts of discrimination or acted with malice, reckless indifference or fraud toward Plaintiff and, therefore, Defendants cannot be held liable for punitive damages.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

322.    Plaintiff's claims are barred because she failed to mitigate her alleged damages.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

323.    Plaintiff's claims for relief are barred because Plaintiff has not alleged facts sufficient to support an award of compensatory damages, punitive damages and/or damages for any pain or suffering.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

324.    Plaintiff is not entitled to court costs or attorneys' fees.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

325.    Plaintiff lacks a good faith basis for her claims, in whole or in part, thereby entitling Defendants to an award of its attorneys' fees, costs and expenses incurred in defending this action.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

326.    Plaintiff's claims are barred by statute of limitations and/or failure to exhaust administrative remedies.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

327.    Defendants reserve the right to add additional affirmative defenses, as appropriate, when additional information becomes available through discovery.

WHEREFORE, Defendants demand judgment dismissing the Complaint with prejudice, together with the cost and disbursements of this action, reasonable attorneys' fees, and such further

relief as the Court deems just and proper.

Dated: Uniondale, New York
      July 12, 2024

**CULLEN AND DYKMAN LLP**

By: /s/   Jennifer A. McLaughlin     
    Jennifer A. McLaughlin (JM 5678)
    Ryan Soebke
    *Attorneys for Defendants*
    333 Earle Ovington Boulevard
    Uniondale, New York 11553
    Phone: (516) 357-3700

**<u>VIA ECF</u>**
Nathaniel K. Charny
Charny & Wheeler P.C.
*Attorneys for Plaintiff*
42 West Market Street
Rhinebeck, New York 12572
Tel.: (845) 876-7500
Email: ncharny@charnywheeler.com

22061.2011 21116716v1