# Charny & Wheeler P.C.

Attorneys at Law

Nathaniel K. Charny (NY & NJ Bar)
ncharny@charnywheeler.com
Russell G. Wheeler
rwheeler@charnywheeler.com
H. Joseph Cronen
jcronen@charnywheeler.com

42 West Market Street
Rhinebeck, NY 12572
Tel: 845-876-7500
Fax: 845-876-7501

November 19, 2024

<u>By ECF</u>
Hon. Valerie E. Caproni
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York  10007

Re:   <u>Chandra v. New York University, et al.</u>
       Civil Action No. 1:24-cv-3105 (VEC)

Dear Judge Caproni:

This office represents Plaintiff Kanchan Chandra in this matter.  Further to the Court's instruction at ECF 32, paragraph 2, I write on behalf of all parties and counsel to submit this Joint Letter.

(a)     Plaintiff brings claims of gender discrimination and retaliation for complaining about same against the Defendants under Federal, State and New York City law.  Plaintiff Professor Chandra, has enjoyed decades' long success as a Professor of Politics at Defendant New York University, teaching, researching and writing in the field of Comparative Politics and Comparative Political Economy, with a specialization in the study of Ethnic and Identity Politics, Democratic Theory, Violence and South Asian Politics.

Beginning in the academic year 2018-2019 and continuing to the academic year 2021-2022, Plaintiff enjoyed Joint Appointment with Defendant New York University in Abu Dhabi Corporation (herein NYUAD).  At that time, Plaintiff was one of only two women to be tenured full-time Full Professors at Defendant NYUAD out of a score or more of tenured full-time Full Professors at Defendant NYUAD.

During this period of time, Plaintiff, along with many other women faculty at NYUAD suffered under gender-based hostility within the Defendant NYUAD workplace.

When Plaintiff complained about gender discrimination within the NYUAD workplace, Plaintiff faced immediate and visceral retaliation, which included Plaintiff's Joint Appointment being terminated and Plaintiff being returned, against her wishes, and in a humiliating manner, back to New York, with no opportunity to rehabilitate her standing within the community.

Hon. Valerie E. Caproni
November 19, 2024
Page 2

The discriminatory and retaliatory conduct continues to date, undermining Plaintiff in her workplace at Defendant New York University and blocking opportunities for the same engagement with Defendant NYUAD offered to all faculty at Defendant NYU.

It is Defendants' position that Plaintiff was not discriminated against based on any protected characteristic. Plaintiff was not "terminated" by NYU or NYU Abu Dhabi. Plaintiff is tenured professor at NYU and, as part of her role, had a short-term appointment at NYU Abu Dhabi to establish new programs on that campus. She never had a joint appointment. There is no longer a need for NYU NY faculty to be assigned to the NYU Abu Dhabi campus as there was before when NYU was ramping up its Abu Dhabi programs. Also, there currently are no available faculty lines at NYU Abu Dhabi for joint appointments in Political Science. While Plaintiff may have been under the impression that her NYU Abu Dhabi appointment was renewable, it was never guaranteed as is clear from the appointment letter itself providing a set term of appointment.

Defendants also did not retaliate against Plaintiff following her gender discrimination complaint. Plaintiff bases her retaliation claim on the same set of allegedly adverse actions that support her discrimination claims. As stated above, Plaintiff's claims amount to nothing more than her dissatisfaction with NYU's decision not to extend her temporary appointment to work at NYU Abu Dhabi's campus. Plaintiff did not otherwise suffer any adverse employment action, including termination, a reduction in salary or a change in job title, as a result of her gender-based discrimination complaints. Plaintiff remains a tenured faculty member at NYU in New York and her salary has increased.

(b)     Other than potential discovery motions, the parties do not contemplate motion practice unless/until post-discovery summary judgment motion practice.

(c)     Subject matter jurisdiction is based on 29 U.S.C. §§ 2601 et seq., and under 28 U.S.C. §§ 1331 and 1367 in that this matter arises under Title VII of the Civil Rights Act of 1964.

(d)     The parties have unsuccessfully and exhaustively mediated this dispute twice, first during the EEOC proceedings, and second during the mandatory mediation ordered by the Court. Until discovery is completed in this proceeding, the parties do not believe this matter can be settled.

(e)     The Parties respectfully submit that a Rule 16 conference is unnecessary and that their proposed Case Management Plan be so ordered.

Hon. Valerie E. Caproni
November 19, 2024
Page 3

                            Respectfully submitted:

                            Nathaniel K. Charny